By the Court.
The proceeding below was a suit in quo warranto .on the relation of the prosecuting attorney of the county against Willis M. Berry, the petition averring, that he has usurped and unlawfully holds and exercises the office of a member of the council of the village of Westwood in the county, and asking that he be ousted therefrom by the judgment of the circuit court. A demurrer to the petition was sustained and petition dismissedwhich is assigned for error here.
The constitution of the state (art. ,2, sec. 21), provides that, “ The general assembly shall determine, by law, before what authority, and in what manner, the trial of contested elections shall be conducted;” and section 1679, Revised Statutes, provides that, “ The council, and when of two branches, each branch, shall be the judge of the election, returns, and qualifications of its own members, shall determine the rule of its procedure, and keep a journal of its' proceedings, and may compel the attendance of absent members in such manner and under such penalties as may, by ordinance, be prescribed.”
Held: That under the provisions of the constitution, the power conferred by this section upon the “ council ” of a municipal corporation to determine the election of its own members is exclusive, and cannot be determined by a proceeding in quo warranto, or in an}1- other mode than as provided in this section. State ex rel. v. Harmon, 31 Ohio St. 250.
Whether the determination of the council in a contested election of one of its members, may be reviewed on error, is not presented in this case, and is not decided.

Judgment affirmed.